**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ALBERTO CORADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-24

Agency No.
A072-341-269

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Carlos Alberto Corado, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' (BIA) discretionary decision denying him

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and dismiss

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition.

Between 2006 and 2018, Corado was arrested for various crimes, at least three of which resulted in domestic violence convictions.  He was placed in removal proceedings in 2013, and in 2018 he was diagnosed with schizophrenia, depression, post-traumatic stress disorder, and anxiety.  He sought cancellation of removal based on his mental health diagnoses, but while he acknowledged that therapy might help him avoid situations where he "can be in a bad place," he did not attribute his criminal history to his mental health struggles.  Instead, he testified that his criminal history resulted from the justice system, which he claimed rewards false accusations about domestic violence.  The Immigration Judge (IJ) denied Corado cancellation of removal as a matter of discretion, finding that his violent criminal history outweighed the equities in his favor.

1. <u>Cancellation of removal</u>.  Corado argues that the BIA erred in affirming the IJ's denial of his application for cancellation of removal because the IJ "was very critical in her decision" and failed to adequately consider his mental health diagnoses.  The IJ acknowledged Corado's mental health issues, but decided that because of the "serious adverse factors," including Corado's "multiple violent criminal convictions," Corado did not merit removal as a matter of discretion.  We lack jurisdiction to review that discretionary decision.  8 U.S.C. § 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

23-24

2. <u>Incompetency</u>.  Although we have jurisdiction to review constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D), a petitioner "may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."  *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).  Corado argues that the IJ was required to conduct a hearing to determine whether his diagnoses rendered him mentally incompetent and entitled him to procedural safeguards under *Matter of M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011).  Corado did not raise this claim before the BIA.  It is therefore unexhausted.  *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023).

In any event, while the agency has a duty to determine whether an applicant is competent if the applicant shows "indicia of incompetency," not all mental health diagnoses are "indicia of incompetence."  *Matter of M-A-M-*, 25 I&N Dec. at 480.  At the time of his hearing, Corado was taking medication for his mental illnesses, testified with the assistance of counsel, and had no apparent difficulty answering questions.  *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018).  The agency thus was not required to conduct an *M-A-M-* hearing or adopt additional procedural safeguards.  Because Corado has not met his "burden of raising a colorable constitutional claim or question of law, . . . we lack jurisdiction."  *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

**PETITION DISMISSED.**